SECOND DEPARTMENT, JULY, 1992

(July 6, 1992)

■ IRA M. BRATT et al., Appellants, v BANK OF NEW YORK, Respondent.—In an action, inter alia, to recover damages for violation of General Business Law article 34, defamation, and intentional infliction of mental distress, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered April 11, 1990, which granted reargument of the defendant's cross motion for summary judgment, and, upon reargument, granted the cross motion and dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Ira M. Bratt is an attorney who is seeking $40,000,000 in damages based upon his claim that he and his wife suffered "mental and emotional distress" as a result of the defendant's efforts to obtain payment of the sum of $151.34. The defendant asserts that it is owed this amount pursuant to a VISA charge card agreement. Mr. Bratt acknowledges that the check with which he claims to have paid the $151.34 obligation was never returned to him and speculates that "in retrospect, it now appears that [defendant] lost [the] check". Mr. Bratt, relying on UCC 3-802, essentially claims that the defendant's loss of the check absolves both him and his wife of any obligation to honor their underlying debt.

Assuming, without deciding, that the defendant did in fact lose a check for the sum of $151.34 which Mr. Bratt had

delivered to it, and that this circumstance suspends Mr. Bratt's and his wife's legal obligation to satisfy their underlying indebtedness, the fact remains that nothing in the law prohibits the defendant from seeking to obtain payment of what it regards as a debt justly owed to it. The present action relates essentially to a dispute over an alleged credit card billing error, and we have previously held that the defendant may face no liability for having made such an error, except upon proof that the plaintiffs "fully complied with General Business Law [former] § 703" (Bratt v Bank of N. Y., 138 AD2d 555). Now that it has been shown that the plaintiffs did not "fully comply" with the provisions of General Business Law former § 703, in that they failed to provide timely notice of the alleged error by certified mail, the Supreme Court properly concluded that the defendant is free of any liability, and is entitled to summary judgment.

We have examined the various arguments raised by the plaintiffs, including those to the effect that the defendant has waived the terms of General Business Law former § 703, and that the defendant should be estopped from asserting that provision as a defense, and find them to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.